O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HAUT,<br><br>              Plaintiff,<br>    v.<br><br>CRA INTERNATIONAL, INC., and DOES 1–20,<br><br>              Defendants. | Case No. 2:13-cv-00346-ODW (MANx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

The Court has received Defendant CRA International, Inc.'s Notice of Removal. Having carefully considered the papers filed in conjunction with CRA's Notice, the Court determines that CRA has failed to satisfy its burden to establish federal jurisdiction. The Court must therefore remand this action to the Los Angeles Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and

"[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). For the purposes of complete diversity, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

CRA's Notice of Removal asserts that "Plaintiff was domiciled in California at all times relevant to her [*sic*] claims as she [*sic*] used a California address during his employment." (Notice of Removal 3 (citing Compl. ¶ 1).) But paragraph 1 of the Complaint states that "Plaintiff, John Haut . . . is an individual who *resides* in, and has at all relevant times has *resided in*, the County of Los Angeles." (Compl. ¶ 1 (emphasis added).) Thus, CRA's domicile allegations—which are predicated solely on Haut's *residency* allegations in his Complaint—are insufficient to establish Haut's citizenship on removal, as residency allegations are insufficient alone to establish citizenship. And while CRA is correct that a party's residence may be prima facie evidence of that party's domicile when an action is brought in federal court *in the first instance*, (Notice of Removal 2 (citing *State Farm Mut. Auto. Ins. v. Dyer*,19 F.3d 514, 520 (10th Cir. 1994)), mere residence allegations are insufficient to establish

citizenship *on removal* in light of the strong presumption against removal jurisdiction. *See, e.g.*, *Kanter*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties. . . . [And] the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."); *Gaus*, 980 F.2d at 567. Thus, because CRA has alleged Haut's citizenship solely on the basis of Haut's residency in California, the Notice of Removal's allegations are insufficient to establish Haut's citizenship.

Because CRA fails to establish Haut's citizenship, CRA likewise fails to establish that the parties are completely diverse for purposes of 28 U.S.C. § 1332. Accordingly, the Court **REMANDS** this case to the Los Angeles County Superior Court, Case Number BC498072. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

January 18, 2013

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

```
cc: order, docket, remand letter to
Los Angeles Superior Court,
BC 498072
```